## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WESTLEY SIMMONS**                                    **CIVIL ACTION**

**VERSUS**                                                  **NO. 15-5241**

**MARLIN N. GUSMAN, ET AL.**                    **SECTION: "B"(3)**

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Westley Simmons, a state pretrial detainee, filed this federal civil rights action pursuant to 42 U.S.C. § 1983.  He sued Orleans Parish Sheriff Marlin N. Gusman, Ms. Turner, Bonita J. Pittman, and R. Brown.  In this lawsuit, plaintiff claims that conditions at the Orleans Parish Prison were uncomfortable and caused him to become ill.  He further claims that his nose was broken because the defendants failed to protect him for violence.[1]

In order to better understand the nature and factual bases of plaintiff's claims, the Court held a Spears hearing on January 29, 2016.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998).  The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement.  Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996).  Spears hearing testimony becomes a part of the total filing by the *pro se* applicant.  Id.

---

[1] After filing this lawsuit, plaintiff was transferred to the Jefferson Parish Correctional Center, where he currently remains incarcerated.

Based on the allegations of plaintiff's complaint, broadly construed,[2] and his <u>Spears</u> hearing testimony, the Court finds that he is making the following allegations in this lawsuit.

With respect to his first claim, plaintiff notes that the physical conditions at the Orleans Parish Prison were uncomfortable.  For example, the ventilation system did not work properly, and, as a result, "some days it was cold, some days it was hot."  Further, the showers would occasionally break, causing the water to run constantly and the prison to become humid from the additional moisture.  Additionally, inmates "barely had hot water."  He believes that those conditions caused him to suffer from a sore throat and chest pain.  However, he submitted approximately two "sick call" requests, was given medication which eased his symptoms, and those ailments no longer bother him.

With respect to his second claim, plaintiff states that he was housed on the first floor and that he had enemies housed on the second floor.  When prisoners from both floors were being transported together for a court appearance, plaintiff told defendants Turner and Brown that he was afraid to be transported with his enemies.  Turner and Brown ignored his concerns, and he was then in fact "jumped" by approximately three inmates, sustaining a broken nose in the attack.  His nose has not healed properly, and it still causes him breathing problems.

## I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

---

[2] The Court must liberally construe a *pro se* civil rights complaint.  <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

> (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

3

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

## II.  Plaintiff's Claims

### A.  Physical Conditions

Plaintiff's first claim is that the physical conditions in which he was confined within the Orleans Parish Prison were unconstitutional. Specifically, as noted, he claims that the ventilation system did not function properly, causing the temperature to vary between being too hot or too cold. Additionally, the humidity was high on those occasions when the showers would break and cause the water to run constantly. Lastly, there was rarely enough hot water for the inmates.

Plaintiff is a pretrial detainee.[3] It is clear that "the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted). Nevertheless, the jurisprudence recognizes that the judiciary is ill equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loath to intervene when detainees complain of trivial inconveniences. Further, such judicial restraint is appropriate because the federal constitution simply is not concerned with a *de minimis* level of imposition on pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979); Ruiz v. El Paso Processing Center, 299 Fed. App'x 369,

---

[3] Rec. Doc. 9, p. 3.

371 (5th Cir. 2008); Maddox v. Gusman, Civ. Action No. 14-2435, 2015 WL 1274081, at *3 (E.D. La. Mar. 19, 2015).  For the following reasons, it is apparent that the conditions at issue, whether considered alone or in combination, concerned nothing more than *de minimis* inconveniences which did not constitute "punishment," pose a substantial risk of serious harm to plaintiff, or otherwise rise to the level of constitutional violations.

For example, although plaintiff alleges that the ventilation system did not function properly, conclusory claims of inadequate ventilation, without more, implicate no federal constitutional right.  Johnson v. Texas Board of Criminal Justice, 281 Fed. App'x 319, 321 (5th Cir. 2008); Johnson v. Thaler, No. 99-20222, 1999 WL 1131941, at *1 (5th Cir. Nov. 12, 1999); Parker v. Smith, No. 93-5542, 1994 WL 198944, at *2 (5th Cir. May 6, 1994); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009).  Moreover, the fact that the showers which would occasionally malfunction and run constantly, thereby causing the air to grow more humid, did not rise to the level of a constitutional violation.  The Constitution simply does not protect inmates from "life's occasional inconveniences," such as plumbing problems.  Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1982); Rue v. Gusman, Civ. Action No. 09-6480, 2010 WL 1930936, at *5 (E.D. La. May 11, 2010).  Further, humid conditions are not uncommon in New Orleans, and the mere fact the prison was humid or dank did not violate his constitutional rights.  See, e.g., Russell v. Pittman, Civ. Action No. 14-2204, 2015 WL 4478054, at *3 (E.D. La. July 22, 2015); McKinney v. Gusman, Civ. Action No. 14-2988, 2015 WL 2341719, at *3 (E.D. La. May 13, 2015); White v. Gusman, Civ. Action No. 14-2131, 2014 WL 6065617 (E.D. La. Nov. 12, 2014); Scott v. Gusman, Civ. Action No. 10-2706, 2011 WL 666851, at *7 (E.D. La. Feb. 14, 2011).

Plaintiff's complaint concerning the fluctuating temperature fares no better. The fact that temperatures were uncomfortable cannot alone support a finding that the conditions were unconstitutional. See, e.g., Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995); Scott v. Gusman, Civ. Action No. 10-2706, 2011 WL 666851, at *7 (E.D. La. Feb. 14, 2011); LeBlanc v. Gusman, Civ. Action No. 09-2786, 2010 WL 148290, at *3 (E.D. La. Jan. 12, 2010). Although exposure to *extreme* cold or heat is actionable in some circumstances, plaintiff's allegations fall far short of what is required to establish a constitutional violation. See, e.g., Johnson v. Texas Board of Criminal Justice, 281 Fed. App'x 319, 321 (5th Cir. 2008); Woods, 51 F.3d at 581 (5th Cir. 1995).

Likewise, plaintiff's complaint that there was inadequate access to hot water clearly is not actionable. Inmates simply have no constitutional right to hot water. Mann v. Smith, 796 F.2d 79, 85 (5th Cir. 1986); Pitt v. Weaver, Civ. Action No. 15-360, 2015 WL 2452348, at *4 (E.D. La. May 21, 2015); Johnson v. Desoto County Sheriff Department, Civ. Action No. 13cv43, 2013 WL 3944284, at *2 (N.D. Miss. July 31, 2013).

Lastly, while it is true that plaintiff believes that the conditions caused him to suffer from a sore throat and chest pain, that conclusion is speculative at best. Moreover, as noted, he received medical treatment for those ailments upon request, and he experienced no significant or permanent harm. See Ventry v. Gusman, Civ. Action No. 11-2989, 2012 WL 1405862, at *7 (E.D. La. Mar. 29, 2012), adopted, 2012 WL 1398626 (E.D. La. Apr. 20, 2012); Clark v. Gusman, Civ. Action No. 11-2673, 2012 WL 1825306, at *6 (E.D. La. Mar. 29, 2012), adopted, 2012 WL 1825302 (E.D. La. May 18, 2012).

In summary, the Court notes that it is not unsympathetic to plaintiff's complaints concerning the conditions of his confinement. On the contrary, the Court has no doubt that, before he was transferred to the Jefferson Parish Correctional Center, the conditions plaintiff endured

within the Orleans Parish Prison system were uncomfortable and unpleasant.  However, for the reasons explained herein, that simply is not the test -- the only issue before the Court is whether the conditions were *unconstitutional*, and it is clear that "the Constitution does not mandate prisons with comfortable surroundings or commodious conditions."  Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998).  The conditions alleged in this case, while lamentable, were not unconstitutional. Accordingly, this claim should be dismissed.[4]

## B.  Failure to Protect

Plaintiff next claims that his nose was broken because the defendants failed to protect him from violence.  It is beyond cavil that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement."  Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc).  The United States Fifth Circuit Court of Appeals has further explained:

> To establish a failure-to-protect claim under § 1983, [a prisoner] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.  In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (citations and internal quotation marks omitted).

---

[4] Out of an abundance of caution, the undersigned makes an additional observation.  To the extent that plaintiff is seeking declaratory or injunctive relief, any such relief would no longer be available to him even if he were able to prove a constitutional violation regarding the conditions of his former confinement.  As noted, plaintiff is no longer incarcerated at the Orleans Parish Prison, having been transferred to the Jefferson Parish Correctional Center.  That transfer rendered any request for declaratory or injunctive relief moot.  Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001); see also Crumpton v. Crain, 224 Fed. App'x 444 (5th Cir. 2007); Tamfu v. Ashcroft, No. 02-10502, 2002 WL 31689212 (5th Cir. Oct. 30, 2002); Gresham v. Hawk, No. 00-10597, 2000 WL 1901400 (5th Cir. Dec. 4, 2000).

Here, plaintiff alleges that he advised defendants Turner and Brown that he was afraid that his enemies would harm him during their joint transportation for court appearances; however, both Turner and Brown simply ignored his concerns.  As he feared, plaintiff was then in fact "jumped" by approximately three inmates, sustaining a broken nose in the attack.  Based on these allegations, the Court cannot say that the failure-to-protect claims against Turner and Brown are patently frivolous; therefore, those claims should be allowed to proceed pending further development.

That said, to the extent that plaintiff is also asserting failure-to-protect claims against Sheriff Gusman and/or Bonita Pittman, those claims should be dismissed.  Plaintiff does not allege that either Gusman or Pittman were personally aware of the danger plaintiff faced or were involved in the decision to transport him with his enemies, and it is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  Although Gusman and Pittman hold supervisory positions at the prison, they cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of strict liability[5] or vicarious liability.[6]  Accordingly, plaintiff has failed to state a cognizable, nonfrivolous claim against Gusman or Pittman.

## RECOMMENDATION

It is therefore **RECOMMENDED** plaintiff's claims challenging the physical conditions of his confinement at the Orleans Parish Prison be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

---

[5] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264105, at *5 (E.D. La. Aug. 1, 2007).

[6] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

It is **FURTHER RECOMMENDED** that plaintiff's failure-to-protect claims against Orleans Parish Sheriff Marlin N. Gusman and Bonita J. Pittman be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's failure-to-protect claims against Ms. Turner and R. Brown be allowed to proceed pending further development.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventeenth day of March, 2016.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**